# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:98-30019-001 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARREN D. JONES (01) | |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"), filed by Defendant Warren D. Jones. [Doc. No. 227]. Pursuant to his memorandum, Defendant moves the Court to vary downward from the sentencing guidelines and reduce his sentence on his narcotics convictions to sixty months. *Id.* at 5. He further moves the Court to reduce his term of supervised release from five years to four years. *Id.* at 6. The government opposes the motion, arguing: (1) Jones is not eligible for relief under the FSA, and (2) even if the Court finds he is eligible for relief, it should exercise its discretion and deny relief based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). [Doc. No. 228 at 1]. For the following reasons, Defendant's motion is GRANTED AS MODIFIED: Defendant's total term of imprisonment is REDUCED to TIME SERVED, effective April 9, 2020, and his term of supervised release on Counts 1, 2, 4 and 6 is REDUCED to FOUR years.

## I.
### BACKGROUND

On June 25, 1998, Jones, a captain of the Tallulah Police Department, was charged in seven counts of an eight count indictment as follows: Conspiracy to Possess with Intent to Distribute 50 grams or more of cocaine base in violation of 21 USC §§ 841(a)(1) and 846 (Count 1); Attempt to Possess and Aiding and Abetting the Attempted Possession with Intent to Distribute 50 grams or

more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2, 4 and 6); and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) (Counts 3, 5 and 7). On December 18, 1998, Jones was convicted by a jury on all counts. [Doc. No. 90]. On April 6, 1999, Jones was sentenced under the then-mandatory sentencing guidelines to a total term of imprisonment of 415 months, as follows: 235 months on Counts 1, 2, 4 and 6, and 60 months each on Counts 3, 5 and 7, with the sentences on Counts 3, 5 and 7 to run consecutively to each other and consecutive to Counts 1, 2, 4 and 6. [Doc. No. 102]. Additionally, the Court imposed a five-year term of supervised release on Counts 1, 2, 4 and 6, and a three-year term of supervised release on Counts 3, 5 and 7 to run concurrently with supervised release on Counts 1, 2, 4 and 6. Jones's sentence on his narcotics convictions was subsequently reduced to 151 months, due to retroactive amendments to the United States Sentencing Guidelines. [*See* Doc. Nos. 194, 225].

## II.
## APPLICABLE LAW

At the time Jones was sentenced, distribution of 50 grams or more of crack cocaine carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 1999). On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams, and increased the quantity of cocaine base required to trigger the five-year mandatory minimum

sentence from 5 grams to 28 grams. *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

**A.  Whether Defendant is eligible for relief under the First Step Act**

The government contends Jones is ineligible for relief due to the amount of cocaine base attributed to him in the Presentence Investigation Report ("PSR"), which was adopted by the Court at sentencing.[1] [Doc. No. 228 at 6]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this

---

[1] The PSR found Jones' conduct involved "at least 288.76 grams of cocaine base." PSR at ¶ 31.

case." *Id.* at 6-7 (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. *Jackson* at 320 ("[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted."); *see also United States v. Thompson*, 404 F.Supp.3d 1003, 1006-07, 1011 (W.D.La. 2019). Accordingly, the Court finds Jones meets all requirements for eligibility under section 404 of the FSA: Jones was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Therefore, the Court finds Jones is eligible for relief under the First Step Act.

B.  **Whether Relief is Warranted**

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson*, 945 F.3d at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[2] Jones was originally subject to a statutory sentencing range of ten years to life in prison for his narcotics convictions. Under the First Step Act, his statutory sentencing range for those offenses is now five to forty years. At the time of his original sentencing hearing, Jones's sentencing guideline range

---

[2] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited March 9, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

for his narcotics convictions was 235 to 293 months. At present, his guideline range is 151 to 188 months for the narcotics offenses.

The government argues the nature and circumstances of the offense and the need to promote respect for the law warrant no further relief in this matter. In support, the government argues Jones was "a dirty cop in the Tallulah police department who provided protection for local drug dealers," and that he "corrupted his young partner and enticed his partner into joining his criminal escapades." [Doc. No. 228 at 1, 5]. The government additionally notes Jones has already benefitted from retroactive guideline amendments and asserts "nothing in his record supports a major downward variance below this sentence." *Id.* at 6.

Counsel for Jones argues a below-guideline sentence is warranted, noting Jones's criminal history reflects no prior convictions, and therefore his first criminal conviction resulted in a sentence of almost 35 years, which was later lowered to 27 years and 7 months. [Doc. No. 227 at 3-4]. Counsel notes Jones is now 57 years old, and both of his parents have died during his incarceration. Counsel continues:

> It cannot be ignored that Jones was a police officer when he committed the instant offense. He provided protection for drug dealers in exchange for money. This is why he received three consecutive firearms convictions under 18 U.S.C. § 924(c) for a total sentence of 15 years. These convictions are based upon Jones' service firearm. These firearm sentences cannot be altered by this Court under Section 404 of the First Step Act and adequately punish Jones for the abuse of trust he committed by committing this offense while being a police officer. A total sentence of 20 years is reasonable and just under the circumstances.

*Id.* at 4. Finally, counsel notes Jones's only disciplinary event while in BOP custody is for fighting with another inmate in 2005, he points to the courses Jones has completed while in custody, and notes Jones has worked his way up to a minimum-security satellite camp during his incarceration. *Id.* at 4-5.

While the Court does not look favorably upon those who abuse positions of public trust, after presiding over the trial and sentencing of this Defendant, the Court finds the twenty-two years of incarceration Jones has already served is adequate punishment for the criminal activity he committed. The Court notes Jones is a first-time offender and his background does not indicate a propensity for violence. It further notes Jones has already served almost two years longer than the statutorily-mandated minimum sentence on all counts of conviction, without consideration of the effect of good conduct time. After consideration of the § 3553(a) factors, including the history and characteristics of Mr. Jones, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crimes Jones committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 227] is GRANTED, and the Court will issue an amended judgment reducing Defendant's total term of incarceration to TIME SERVED, effective April 9, 2020, and reducing his term of supervised release on Counts, 1, 2, 4 and 6 to FOUR years. Except as modified in this paragraph, all other provisions of the Judgment imposed on April 6, 1999 [Doc. No. 102] REMAIN in effect.

SIGNED this 30th day of March, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE